## CIRCUIT COURT OF THE CITY OF RICHMOND

Edward F. McGuinn

    v.

Fauquier Hospital, Inc., et al.

March 8, 1982

Case No. LE 1218

By JUDGE MARVIN F. COLE

    This suit was commenced by the filing of a Motion for Judgment in this court by the plaintiff on August 24, 1981, which alleged that on February 3, 1980, the plaintiff was involved in an automobile accident in Fauquier County; that on February 4, 1980, the plaintiff was brought by ambulance to the defendant, The Fauquier Hospital, Inc.; that plaintiff was examined in the Emergency Room of said hospital by the defendant, Dr. James Dellinger; that x-rays were taken and evaluated by the defendant, Dr. P. F. Zazzaro; that the defendant, Zazzaro, reported the x-rays negative for any spinal injury, and plaintiff was released as "satisfactory" by the defendant, Dellinger. On February 5, 1980, the plaintiff was transported by his wife to McGuire Veterans Hospital, Richmond, Virginia, where his condition was diagnosed as partial quadriplegia.

    On September 11, 1981, the defendant, The Fauquier Hospital, Inc., filed an Objection to Venue and Motion to Transfer herein, alleging that Richmond is neither the preferred venue under § 8.01-261, nor a permissible venue under § 8.01-262 of the Code, and that there are no allegations in the motion for judgment which lay venue as to the other defendants within the City of Richmond. The defendant hospital alleged that Fauquier County was the proper venue and moved the court to transfer the case

to Fauquier County Circuit Court as provided for in Section 8.01-264 of the Code.

A similar motion to transfer was also filed by the other two defendants, Dr. James Dellinger and Dr. P. F. Zazzaro, on September 11, 1981, asking that this case be transferred to the Circuit Court of Fauquier County.

On November 25, 1981, the plaintiff filed a motion to retain venue pursuant to § 8.01-265 of the Code for good cause shown.

On November 30, 1981, the court had a hearing to determine three issues:

(1) Motion of United States to be joined as a party plaintiff.

(2) Motion by plaintiff for impoundment of x-rays.

(3) Motion for change of venue.

The motion of the United States to be joined as a party plaintiff was taken under advisement until the question of venue was decided.

In regard to the impoundment of the x-rays, the court ruled that the x-rays would be impounded, and the defendants were ordered to file the x-rays in the Clerk's Office to be examined by the parties only upon a court order, but to be returned to the hospital at the conclusion of this case.

In regard to the transfer of venue, the court granted a motion of the defendant to make a physical examination of the plaintiff within twenty-one days. The court then set a hearing on the change of venue on February 5, 1982, in order for evidence to be presented on the motion for change of venue. The plaintiff was ordered to file a memorandum of law within twenty-one days, and the defendant to respond within five days thereafter.

The court heard evidence on February 5, 1982, on the motion to transfer, has now received the memorandum of law from both parties, and is now ready to decide upon the motion to transfer.

The court does not have a transcript of the evidence presented on February 5, 1982, but my best recollection is as follows:

Dr. Richard P. Greenberg was called by the plaintiff. He is a neurosurgeon on the faculty of the Medical College of Virginia. He deals with the brain, spinal cord, and

nerves. He first examined the plaintiff in June of 1980 for a spinal cord injury.

Dr. Greenberg stated that the plaintiff had no control of his bowel movement and limited control of his bladder. He stated that the plaintiff does not have normal bowel warning and must use a special applicator for this purpose. For this purpose, he needs special equipment such as a special toilet seat, shower, and bowel stimulator. On occasion the plaintiff can have accidents with bowel movements, which can happen at any time at any place.

Dr. Greenberg stated that the plaintiff can travel anywhere, but with hardship. He would have pain and therefore does not go great distances. The only travel now done by the plaintiff is in Richmond for therapy and treatment.

Dr. Greenberg stated that jostling of the body in a car would make for more pain and put more stress on the body. Dr. Greenberg stated that the equipment used by the plaintiff could be used equally in Warrenton. But it was his opinion that such a trip would be an unreasonable hardship on the patient on the basis of pain.

Dr. Ernest P. Buxton testified on behalf of the plaintiff. He is on the staff at the VA Hospital and is an internist. He has treated the plaintiff for the past year. Dr. Buxton was of the opinion that a trip to Warrenton would be a hardship upon the plaintiff. He stated that such a trip would be out of the plaintiff's routine and that this was not good for bowel and bladder control. Dr. Buxton stated that it was not impossible for the plaintiff to make the trip but that it would be unwise for him to do so.

Mrs. Doris McGuinn, wife of the plaintiff, testified that the plaintiff used a daily application or inserter each morning at 9:00 a.m. for bowel movement. She stated that the plaintiff does no traveling except to go to the VA Hospital, and sometimes takes a one-half hour trip on the toll road, or to ride with her to the store.

She stated that the plaintiff spends about one-half of his time in the wheelchair and one-half in an electric bed. She stated that the electric bed was very important to him; that he pushed the buttons to get in a comfortable position; and that he could not sleep in a regular bed. She stated that the longest trips taken by the plaintiff

in the past six months would have been to the VA Hospital and a one-half hour trip on the toll road. She also testified that the bathroom equipment of the plaintiff was put in by a plumber and could not be carried to Warrenton.

The defendant called Dr. Charles H. Bondurant as a witness. He examined the plaintiff on December 7, 1981, and had his chart. Dr. Bondurant stated that the plaintiff had no bowel control but was on a regular program for this. It was important that this be done at regular times.

Dr. Bondurant stated that the plaintiff's condition would be aggravated by riding for a long period of time, but that the pain would be relieved by lying down. Dr. Bondurant stated that it would be physically possible for the plaintiff to travel ninety-five miles on a trip, but there would be substantial inconvenience.

Dr. Bondurant stated that if the plaintiff rides in a car, it would be better for him to lie down. In regard to bowel accidents, Dr. Bondurant stated that these should not occur if the plaintiff was on an adequate bowel program.

The question before the court at this time is whether the case should now be transferred to the Circuit Court of Fauquier County. First, I think that the defendants have the burden of proving by a preponderance of the evidence the facts alleged in their motion to transfer. However, once they prove that the suit was not brought in the preferred venue of § 8.01-261, not in the permissible venue of § 8.01-262, then they have carried the burden of proof to prove a prima facie case for transfer. Section 8.01-260 states that the venue for any action shall be deemed proper only if laid in accordance with the provisions of §§ 8.01-261 and 8.01-262. It is uncontroverted in this case that the suit was not brought in a preferred or permissible venue and, accordingly, was filed in an improper venue. The defendants have thus carried the burden of proof to prove a prima facie case of transfer.

The plaintiff has moved the court to retain venue on the basis of § 8.01-265. It is my opinion that the burden of proof is upon the plaintiff to prove by a preponderance of the evidence that this court should retain venue for good cause shown. Under the statute "good cause" shall be deemed to include, but not be limited to, the agreement of the parties or the avoidance of inconvenience to the parties or the witnesses.

There are no cases decided by our Supreme Court under the present statute which became effective on October 1, 1977. However, the previous statute (8-157) contained the same language of "good cause shown," and there are several cases under that statute.

The plaintiff has advanced the following reasons why this case should be retained in Richmond:

1. Local prejudice in Fauquier County.
2. Inconvenience to the witnesses.
3. Inconvenience to the parties.

In order to support the first issue of local prejudice, it is stated in the plaintiff's memorandum of law that the hospital, located in Warrenton, is the only hospital in Fauquier County. The following statistics are also recited as reflected in answers to interrogatories:

As of July 1, 1981, the total population of Fauquier County was 35,762; the poll of prospective jurors consists of only 13,008 registered voters. In comparison with those figures, it is significant to note that during the one year period from October 1, 1979, to September 30, 1980, The Fauquier Hospital had 3,732 admissions, 11,613 emergency room visits, and more than 25,000 other out-patient visits. The total of 424 persons presently employed by the defendant Fauquier Hospital alone would represent 3% of the total jury poll of 13,008 persons, if all of them were registered voters living in Fauquier County.

The plaintiff contends that he would be highly prejudiced by the selection of a jury in Fauquier County, and that he would have no such benefit from the selection of a jury in Richmond, where he would be unknown.

But, in *Ramsay v. Harrison*, 119 Va. 682 (1916), the Supreme Court held that affidavits in support of the motion for a change of venue should state the facts and circumstances tending to show that a fair and impartial trial cannot be had where the case is pending and not the mere belief or opinion of the affiants. Less than this is not sufficient under the statute permitting a change of venue for good cause shown.

Another answer to this objection is that if the trial court in Fauquier County could not impanel a fair and impartial jury from Fauquier County, then the court could cause as many jurors as may be necessary to be summoned from any other county or city, to be so summoned by the sheriff until such time as a fair and impartial jury was selected. See Code § 8.01-363. The court could do this at such time as an ineffectual effort had been made to obtain a fair and impartial jury.

The second issue raised by the plaintiff to cause this court to retain venue is that it would be more convenient to the witnesses to try the case in Richmond. The plaintiff claims that he will call as expert witnesses Dr. Joseph R. Macys, an orthopaedic surgeon, Dr. Richard P. Greenberg, a neurosurgeon, and Dr. Gilbert Ferris, all of whom have their offices in the Richmond area. A trial in Richmond would be more convenient to them and would cause additional expense to the plaintiff for them to travel to Warrenton. Dr. Macys has estimated his time and thus his fee at $500.00 if the case is tried in Richmond and $1,300.00 if tried in Warrenton, based upon his usual hourly rate. It is assumed that the same would be true of the others.

The plaintiff also claims that he will call as treating doctors the following physicians, all of whom are located in Richmond: Dr. Ernest P. Buxton, Dr. Charles Lamb, Dr. Craig Lappin, Dr. Raj Narajan, and probably others. Richmond is the more convenient and less expensive forum for all of them.

In response to the argument the defendants claim that the two individual defendants work and reside in the Warrenton area, as do any employees of the hospital that may be needed as witnesses. Also, the defendants say that they will have expert witnesses, who will also be from the Warrenton area. The defendants further claim that the hospital is located in Warrenton and all of the alleged negligent acts occurred in Warrenton.

One of the determinative factors or circumstances to be considered in determining whether to transfer venue is a preponderance in number of witnesses. The number of witnesses residing in a particular county is one of the principal considerations in placing venue in that county. However, it has been held in a number of cases

that a mere preponderance does not necessarily determine the merits of a motion to change venue, but that consideration should be given to other factors, such as materiality, competency, necessity for, and character of such witnesses.

A basic requirement that to be considered, the testimony of the witnesses must be admissible, relevant, and material to some issue in the case.

Many courts have applied or recognized the rule that upon a motion to transfer the venue on the ground that the convenience of witnesses and the ends of justice would be promoted thereby, the convenience of witnesses who are a party's employees will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses who are in no way connected with a party.

It has been held or indicated in several New York cases that the convenience of witnesses who are members of a party's immediate family is generally not considered on a motion for a change of venue.

It has been generally recognized in the many cases, but relatively few jurisdictions, where the question has arisen that the convenience of witnesses who are to testify solely as experts will not be considered, or at least will be given little weight, but that where they are to testify from personal knowledge of material facts in the case, their convenience may be taken into account to the same extent as ordinary witnesses.

Another factor to be considered is the facilities for travel and the distance which a witness lives from the courthouse. This also involves the saving of time and expense.

The third issue raised by the plaintiff is the convenience of the parties. Many cases have applied and recognized the rule that the convenience of the parties should not be considered, but this is usually based upon the consideration that parties are not mentioned in the statute, and that they are witnesses that were not contemplated under the statute. However, our statute specifically refers to "parties" and they must be considered. In this case, the physical condition of the plaintiff is one of the most important factors in the case.

The court took extensive evidence at an ore tenus hearing on the physical condition of the plaintiff and his ability to travel to Warrenton for a trial estimated to take at least three days, Warrenton being about 95 miles from Richmond.

Based upon the evidence before me, I find as established by the evidence the following facts for the purpose of this transfer motion:

The plaintiff has spinal cord damage. He also has loss of control of bowel function. He has limited control of his bladder. He has to use special equipment such as a walker, toilet seat, wheel chair, bath tub equipment, special shower, and bowel stimulator. He can stand but cannot walk without the aid of a walker. He sleeps in a special electric bed and cannot sleep comfortably in a normal bed. He can sit in a wheel chair for two to three hours. Generally, he spends about one-half of his time in a wheelchair and the balance in the electric bed. The plaintiff only travels by car to his doctors for treatment and sometimes goes out with his wife to the store or for a ride on the toll road for about thirty minutes.

At the above hearing, Dr. Richard P. Greenberg, a neurosurgeon, testified that the plaintiff could travel anywhere, but with hardship. He stated that jostling of the body in a car would be painful. It was his opinion that a ninety-five mile auto trip would constitute an unreasonable hardship on the plaintiff.

Dr. Ernest P. Buxton, an internist, testified that such a trip was not impossible, but unwise for him to do so. Dr. Charles H. Bondurant testified that the plaintiff could physically make the trip, but that there would be substantial inconvenience.

It is now my duty to weigh all of the above factors, to give each its proper weight, and to decide whether the plaintiff has proved "good cause" for the retention of this case in Richmond, rather than to transfer it to a permissible venue, which would be the Circuit Court of Fauquier County.

In *Locke v. Johns-Manville Corp.*, 221 Va. 951 (1981), the Supreme Court stated that the ingredients that make up a cause of action are the following: (1) a legal obligation of a defendant to the plaintiff, (2) a violation

or breach of that duty or right, and (3) harm or damage to the plaintiff as a proximate consequence of the violation or breach. It should be noted that in this case the violation or breach of duty occurred in Fauquier County. But equally important is the fact that substantial actual damages that have been sustained to the plaintiff have occurred in Richmond at the VA Hospital. From an economic standpoint, Richmond has a greater interest in this case than does Fauquier County. However, venue statutes usually place the appropriate venue at the place that the violation of duty occurred because in most cases, this is where all of the witnesses reside and where the facts of the occurrence are available. In this case, the reason for the rule is not altogether prevalent.

From the standpoint of expert witnesses, the plaintiff alleges that he has three doctors from the Richmond area. The defendants have not stated to the court exactly what experts they intend to call, except to say that their experts will be from the Warrenton area. It is assumed that they will be medical experts. But, they will have to come to Richmond to secure most of the medical evidence at the VA Hospital. The only evidence to be found in Fauquier County is that to be secured from one visit to the emergency room, it would appear that the defendants could have selected experts from Richmond that would have been more available to the evidence, and to the plaintiff if they wished to make an examination of him.

It appears to me that the financial burden upon the plaintiff to pay the expense of getting his witnesses to Warrenton will be much greater than the financial burden upon the defendants to get their witnesses to Richmond due to the fact that the plaintiff will have to pay so many treating medical doctors for the extra time in making the trip.

However, the prime factor is the plaintiff himself. It will be a substantial hardship, substantial discomfort, and substantial physical pain for him to make the trip for a three-day trial. The defendants will not have any such disadvantage in making a trip to Richmond. It is my opinion that this consideration overrides the fact that the violation of duty occurred in Warrenton and the defendants reside in Fauquier County.

Accordingly, under § 8.01-265, I am of the opinion that the plaintiff has carried the burden to prove that there is "good cause shown" for this trial to be retained in this court. Accordingly, the motion to transfer the case to Fauquier County is denied.

Further, I grant the motion of the United States to intervene as a plaintiff and grant them ten days in which to file an appropriate pleading setting forth their claim. The defendants shall then have twenty-one days in which to respond.